# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTIAM PEREZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2660** |
| **WINN-DIXIE MONTGOMERY, LLC, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 14). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Christiam Perez claims that she injured herself in a slip-and-fall inside a bathroom owned by Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie"). Plaintiff allegedly slipped because the bathroom's floor was wet and the stall in which Plaintiff fell lacked hand rails that may have allowed her to catch herself. Plaintiff initially sued Winn-Dixie and its insurer, National Union Fire Insurance Company of Pittsburg, PA, on February 17, 2018 in Orleans Parish's Civil District Court. Defendants removed the suit to this Court on March 13, 2018. Defendants moved for summary judgment on October 9, 2018. Plaintiff opposes.

1

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court

---

[1] FED. R. CIV. P. 56.
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] *Id.* at 248.
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

The Louisiana Merchant Liability Statute provides a negligence cause of action to people who suffer an injury in a business because of an unsafe condition at the business.[10] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on her claim.[11] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[12]

---

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] LA. REV. STAT. § 9:2800.6.
[11] *Id.* § 9:2800.6(B).
[12] *Id.*

A failure to make a clear showing of any one element under the statute is fatal to a plaintiff's claim.[13]

At issue here is whether Plaintiff submitted sufficient evidence to create a genuine dispute of material fact about whether Winn-Dixie either created or had notice of the conditions that allegedly caused Plaintiff's slip-and-fall. To survive a motion for summary judgment, a plaintiff must submit "positive evidence" that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages.[14] Subsection C of the Merchant Liability Statute provides that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."[15]

Here, the only evidence Plaintiff has submitted to support the creation or notice element of her claim is the following statement in her affidavit: "Affiant recalls that there was a Winn-Dixie employee in the restroom at the time of her fall."[16] Pursuant to the unambiguous terms of the statute, this statement alone is insufficient to show that Winn-Dixie had constructive—much less actual—notice of the conditions that allegedly caused Plaintiff's slip-and-fall.[17] Further, Plaintiff has submitted no evidence to show that Winn-Dixie created the conditions that allegedly caused her slip-and-fall.

---

[13] White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997).
[14] Duncan v. Wal-Mart Louisiana, L.L.C., 863 F.3d 406, 410 (5th Cir. 2017) (quoting *White*, 699 So. 2d at 1082)).
[15] *Id.* § 9:2800.6(C)(1).
[16] Doc. 21-2 at 1.
[17] *See* Evans v. Winn-Dixie Montgomery, LLC, 177 So. 3d 386, 392–93 (La. App. 5 Cir. 2015) (holding that "the trial court was correct in granting Winn-Dixie's motion for summary judgment" where the only evidence introduced to show notice was "the presence of the multiple Winn–Dixie employees in the area where the accident occurred, in the hour leading up to plaintiff's fall").

In her Opposition to Defendants' Motion, Plaintiff argues that "time is not ripe for summary judgment" because "Plaintiff has been working to develop appropriate discovery materials and has been diligently pursuing discovery."[18] This Court will generously construe this statement as a request for Rule 56(d) relief.[19]

"A motion for a continuance under Rule 56(d) is 'broadly favored and should be liberally granted.'"[20] "However, the party may not rely on vague assertions but 'must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"[21] Here, Plaintiff fails to make any particularized request for discovery.[22] Accordingly, Plaintiff's request for Rule 56(d) relief is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims are **DISMISSED** with prejudice.

New Orleans, Louisiana this 26th day of March, 2019.

---

[18] Doc. 21 at 6.
[19] *See* FED. R. CIV. PROC. 56(d) (providing that a court may grant appropriate relief to a party that "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").
[20] Skiba v. Jacobs Entm't, Inc., 587 F. App'x 136, 138 (5th Cir. 2014) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)).
[21] *Id.* (quoting Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010)).
[22] The Court notes that Defendants propounded discovery requests in June—more than nine months ago—and Plaintiff has yet to respond. *See* Doc. 34.

5

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**